## DURHAM *v.* DANIELS.

Where the court instructed the jury in relation to the legal effect of deeds, it cannot be considered a charge upon the facts.

All acts of incorporation are made public, and as such may be given in evidence; Such an act creates the presumption that the corporation does exist *de facto*.

Durham *v.* Daniels.

*Error to Linn District Court.*

*Opinion by* GREENE, J. An action of right commenced by S. W. Durham against A. Daniels, for a tract of land adjoining the town of Marion. Pleadings in the usual form. Cause submitted to a jury. Credit for the plaintiff with twelve dollars damages. There having been no proof of damages plaintiff entered a remittiter for $11,99 of the damages assessed. Defendant filed a motion for a new trial which was granted.

At the next term of court, the cause was again submitted to a jury, and a verdict returned for the defendant. Motion for a new trial overruled and judgment rendered upon the verdict.

Upon the trial, it appeared that both parties claimed title to the land in question from Henry Oliver, who purchased and held the patent from the United States. The plaintiff in support of his right, submitted a deed from Oliver to Robinson, dated February 11, 1845, one from Robinson to Scott dated in May 1845, and one from Scott to plaintiff, dated March 8, 1847. The defendant claimed by virtue of deeds from Oliver to a corporation known as the "Marion Lyceum." Said deeds were dated February 24, 1843, and January 5, 1844.

By request of defendant, the court instructed the jury, "that Oliver at the date of the deed to Robinson had no title, and consequently the plaintiff could derive no title under said deed from Robinson, and that if the jury believe from the evidence, that the title to the land in controversy is in the Marion Lyceum, the plaintiff cannot recover against the defendant, unless by virtue of some title from, through or under said lyceum."

The objection urged to the proceedings below, are mainly founded upon those instructions.

1. It is urged, that the court usurped the province of the jury, and charged them upon the facts instead of the law in the case. But we think the instructions are legit-

imate. They merely explain to the jury, the legal effect of those deeds. They only amount to a plain self-evident proposition in law, that after a man has conveyed away all his title to a lot of land, a subsequent deed from him can impart no right.

2. It is contended, that the defendant in attempting to show an outstanding title in the Marion Lyceum, should first prove, that it did exist *de facto* with capacity to hold real estate. As nothing appears in the record to the contrary, the legal presumption must follow, that the court below did not act without adequate evidence. Besides the Marion Lyceum is a corporation, which the court could notice *ex officio*. It was incorporated by an act of the legislature, (Laws of 1841, p. 16,) and all acts of incorporation are declared public, and as such may be given in evidence. *Rev. Stat.* 572, § 2.

Other errors were assigned and urged in this court, but as they are not sustained by the record, we do not consider it necessary to notice them.

Judgment affirmed.

*I. M. Preston*, for plaintiff in error.

*W. Smyth* and *N. W. Isbell*, for defendant.